# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 25-10948 |
| THOMAS CAMPBELL AND JAMIE FAJARDO, | § § § § § | CHAPTER 13<br><br>SECTION A |
| DEBTORS. | § § | |

## MEMORANDUM OPINION AND ORDER

What makes a marriage?

The Chapter 13 Trustee (the "Trustee") and the Debtors agree on the following:[1] On May 12, 2025, the Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code and a repayment plan. [ECF Docs. 1 & 3]. On June 23, 2025, the Trustee held a meeting of creditors pursuant to 11 U.S.C. § 341. [ECF Doc. 17]. On June 25, 2025, the Trustee filed an objection to confirmation of the plan, stating that the "Debtors are not legally married and not eligible to file a joint case." [ECF Doc. 18].

The Debtors participated in a marriage ceremony at a local wedding event space on April 30, 2022. [ECF Doc. 19 & Exs. A–D]. The Reverend Thomas Lovince (the "Officiant") signed the Debtors' Certificate of Marriage after the wedding that evening. *See id.* Three years later, on June 25, 2025, the Certificate of Marriage was recorded post-petition in the public records. *See id.*

The Trustee contends that the Debtors cannot proceed with a joint bankruptcy case because, as of the Petition Date, the Debtors' marriage was not valid under Louisiana law as the Certificate of Marriage had yet to be filed into the public records. The Trustee also points to the Debtors'

---

[1] *See* Hr'g Rec'g 11:08–:11 (July 30, 2025).

2024 tax filings as evidence that they are not currently married, as both claimed on those returns to be head of household for federal and state tax purposes. *See* Hr'g Rec'g 11:11–:13 (July 30, 2025); [ECF Doc. 5].[2] The Debtors assert that the marriage was valid on their wedding day under article 87 of the Louisiana Civil Code and is not void as a result of the Officiant's failure to record the Certificate of Marriage. [ECF Doc. 19].

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). The venue of the Debtors' chapter 13 case is proper under 28 U.S.C. § 1408.

## DISCUSSION

Louisiana law "prescribes certain solemnities" for entering into a marriage contract. *Johnson v. Hogan & Winchester Transfer Co.*, 171 So. 467, 468 (La. Ct. App. 1936) (citing LA. CIV. CODE arts. 86–93). "The requirements for the contract of marriage are: [t]he absence of legal impediment, [a] marriage ceremony, [and t]he free consent of the parties to take each other as husband and wife, expressed at the ceremony." LA. CIV. CODE art. 87. As to the second requirement, Louisiana law requires that a marrying couple must "participate in a marriage ceremony performed by a third person who is qualified, or reasonably believed by the parties to be qualified, to perform the ceremony" and "be physically present at the ceremony when it is performed." LA. CIV. CODE. art. 91. The Louisiana Revised Statutes provide specific rules and procedures governing, among other things, marriage officiants, applications for marriage licenses,

---

[2] The Court is unmoved by the Trustee's argument that the Debtors' statements made in tax filings evidence that they are not married. Claiming "head of household" status on a tax return does not factor in determining the validity of a marriage under Louisiana law.

2

and record-keeping for marriage certificates, *see* LA. REV. STAT. §§ 9:201–298, but the only requirements to establish a valid marriage are found in article 87 of the Louisiana Civil Code.

The Trustee concedes that the Debtors have satisfied the requirements listed in articles 87 and 91 of the Louisiana Civil Code, but contends that the failure of the Officiant to file the certificate of marriage timely renders the marriage void. Section 9:253 of the Louisiana Revised Statutes requires, in relevant part, that "[t]he officiant shall give one copy of the marriage certificate to the married parties" and "[w]ithin ten days after the ceremony, he shall file the other two copies of the certificate of marriage with the clerk of court who issued the marriage license." LA. REV. STAT. § 9:253(A). But the penalty for failure to comply with section 9:253 falls upon the officiant—not the marriage parties—and results in a fine of "not less than twenty dollars for the first offense, fifty dollars for the second offense, and one hundred dollars for a third offense, and the offender shall be prohibited thereafter from officiating at any marriage in this state." LA. REV. STAT. § 9:254.

"When a federal court interprets a Louisiana statute, it must do so according to the principles of interpretation followed by Louisiana courts." *In re McCollum*, 363 B.R. 789, 792 (E.D. La. 2007) (citing *Gen. Elec. Capital Corp. v. Se. Health Care, Inc.*, 950 F.2d 944, 950 (5th Cir. 1991)). Louisiana courts have long held that the failure to adhere to administrative formalities will not interfere with a finding that a marriage is valid:

> Whilst it is true that Article 105, R.C.C. prescribes that "The marriage must be celebrated in the presence of three witnesses of full age, and an act must be made of the celebration, signed by the person who celebrates the marriage, by the parties and the witnesses," and further prescribes certain formalities concerning its recordation, it has been held that in the absence of proof of such celebration, the marriage may be shown by evidence that the parties held themselves out as married persons, under circumstances sufficient to raise a presumption of marriage.

3

*Succession of Allen*, 56 So.2d 577, 580 (La. 1951) (citing *Boykin v. Jenkins*, 140 So. 495 (1932)). Indeed, the Louisiana Supreme Court instructs that prioritizing form over substance is misguided when it comes to recognizing the validity of a marriage:

> Marriage is regarded by our law in no other light than as a civil contract, highly favored, and depending essentially on the free consent of the parties capable by law of contracting. Our Code does not declare null a marriage not preceded by a license, and not evidenced by an act signed by a certain number of witnesses and the parties; nor does it make such an act exclusive evidence of a marriage. These laws relating to forms and ceremonies, here regarded as directory to those alone who are authorized to celebrate marriages, are intended to guard against hasty and inconsiderate marriages in defiance of parental authority. Like all other contracts, it may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party.

*Oliphant v. La. Long Leaf Lumber Co.*, 112 So. 500, 501 (La. 1927). Thus, "[i]t has been repeatedly held that the law does not declare null marriages in which the laws relating to forms and ceremonies have not been observed . . . ." *Succession of Hubee*, 20 La. Ann. 97, 97 (1868); *see also Landry v. Bellanger*, 45 So. 956, 956 (La. 1908) (holding that if two people "go through the ceremony of a marriage freely before a priest and three witnesses, intending to marry, and especially if they thereafter live as husband and wife believing themselves to be such, it is a marriage, even though no license was ever issued and no act of marriage ever drawn up"). "And if there were any doubt in the matter, it would have to be solved in favor of the good faith of the parties." *Succession of Allen*, 56 So.2d at 581 (quoting *Jones v. Squire*, 69 So. 733, 736 (1915)).

Based upon the guidance from the Louisiana Supreme Court and resolving the matter in favor of the good faith of the Debtors, this Court finds that the Officiant's delinquency in performing the administrative formality of recording the Certificate of Marriage on behalf of the Debtors, a couple whose marriage is otherwise valid under articles 87 and 91 of the Louisiana Civil Code, did not serve to invalidate their marriage.

Accordingly,

**IT IS ORDERED** that the Trustee's objection to confirmation of the plan, [ECF Doc. 18], is **OVERRULED**.

New Orleans, Louisiana, October 10, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE